CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

IVANA DJAK (NYBN 5516687)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3918
    FAX: (510) 637-3724
    ivana.djak@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>EDGARDO ESCOBAR-ESCOBAR,<br><br>    Defendant. | **CASE NO. 24-CR-620 HSG**<br><br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Court:         Hon. Haywood S. Gilliam<br>Hearing Date:  Decembre 3, 2025<br>Hearing Time:  2:00 P.M. |

## I.    INTRODUCTION

The Defendant, Edgardo Escobar-Escobar, used messaging applications such as Telegram and Omegle to receive child pornography and engage in sexualized chats with minor victims. On July 16, 2025, the Defendant pled guilty to Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b) (Count One), and Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count Two). *See* Dkt. No. 1, Indictment; Dkt. No. 39, Plea Agreement ("Plea") ¶ 1; Dkt. No. 44, Presentence Report ("PSR") ¶ 2. Sentencing is set for December 3, 2025.

The Defendant admitted to being a member of various group on Telegram where individuals exchanged child pornography, and he admitted to receiving child pornography on Telegram. The Defendant also admitted to engaging in chats with minor victims on the now defunct Omegle chat

1  application, and receiving child pornography on that application as well.  Law enforcement found video
2  recordings and images of the Omegle chats containing child pornography on the Defendant's phone.  PSR
3  ¶¶ 2–17; Plea ¶ 2.  The Defendant's criminal conduct is grave and warrants a substantial term of
4  incarceration.

5        The Defendant also timely took responsibility for the conduct of conviction in this case and thus
6  saved the government substantial resources.  The Defendant has no criminal history.  PSR ¶¶ 37–43.  The
7  Defendant also faced abuse as a minor and has had a difficult life.  *Id.* ¶¶ 44–61.

8        Based on the nature and circumstances of the offense, the Defendant's criminal history, and the
9  Defendant's acceptance of responsibility, the government submits that a custodial sentence of 60 months'
10 imprisonment to be followed by five years of supervised release, is sufficient, but not greater than
11 necessary, to achieve the goals set forth in 18 U.S.C. § 3553(a).

12 **II.  BACKGROUND**

13       In the Plea Agreement, the Defendant admits that in about November 2023, he was a member of
14 various groups on the Telegram application where members exchanged child pornography, and he
15 knowingly received child pornography on Telegram.  Plea ¶ 2.  At that time, he also used the Omegle
16 application and engaged in chats of a sexual nature with multiple minor victims.  In those chats, he sent
17 sexual images and videos of himself to minor victims as part of live chats, and the minor victims sent
18 him images and videos of themselves engaging in sexually explicit conduct.  Several minor victims sent
19 him videos in a live chat of them removing their clothes and / or masturbating.  *Id.*  There were at least
20 180 Omegle videos and chats on the Defendant's phone when law enforcement searched it in November
21 2023.  There were 80 additional, separate, child pornography videos found on his cell phone when law
22 enforcement searched it in November 2023.  *Id.;* PSR ¶¶ 15–17.  In the Plea Agreement, the Defendant
23 did not admit to instructing minor victims to create and send CSAM.

24       The PSR also references Federal Bureau of Investigation (FBI) reports summarizing the forensic
25 analyses conduced of the Defendant's phone as well as interviews the Defendant's engaged in with FBI
26 Special Agents.  The Defendant admitted to FBI Special Agents that he engaged in chats with minor
27 victims and asked them to send him child pornography and in several instance instructed them as to
28 what he wanted to see.  The FBI Special Agents located recordings of these chats and the child

pornography that was exchanged on the Defendant's phone.  PSR ¶¶ 6–14.  The FBI has to date not identified the minor victims the Defendant engaged in those chats with.  Omegle was a web-based online chat service that shut down in November 2023 and was not responsive to legal process requests.

**III.   PROCEDURAL HISTORY**

On December 19, 2024, the Defendant was charged with Receipt of Child Pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b) (Count One), and Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) (Count Two).  *See* Indictment.  The Defendant was arrested and arraigned on January 16, 2025.  Dkt. No. 5.  He was released on strict conditions to a halfway house on January 22, 2025.  Dkt. No. 12.  On July 16, 2025, the Defendant pled guilty to both counts of the Indictment.  Dkt. Nos. 38, 39.  Sentencing is set for December 3, 2025 at 2:00 p.m.

**IV.   SENTENCING GUIDELINES CALCULATION**

The parties agreed to a Plea Agreement resulting in an adjusted offense level of 26.  The calculation is as follows:  Group 1: Receipt of Child Pornography (Count 1) and Possession of Child Pornography (Count 2) (Base Offense Level 22, pursuant to U.S.S.G. § 2G2.2(a)(2)).  There is a five-level increase for the offenses involving 600 images or more, pursuant to § 2G2.2(b)(7)(D).  There is a two-level increase for the specific offense characteristic of using a computer, pursuant to U.S.S.G. § 2G2.2(b)(6).  There is a three-level reduction for Acceptance of Responsibility, pursuant to U.S.S.G. § 3E1.1.  *See* Plea ¶ 7.

The Defendant has no criminal history and thus a criminal history category of I.  PSR ¶¶ 37–43.

Based on a total offense level of 26 and a CHC of I, the guideline range is 63 to 68 months.  The parties agreed to a term of 60 months' incarceration to be followed by five years of supervised release.  *See* Plea ¶ 8.  This represents a five percent downward variance from the low end of the guideline range.  Probation likewise recommends the same term.  *See* PSR Recommendation.

Although the parties and Probation make the same recommendation, Probation applies different guideline calculations.  Probation applies the cross reference at U.S.S.G. § 2G2.2(c)(1) to reach a base offense level of 32.  *See* PSR ¶ 25.  The cross reference does not apply here because the parties have not stipulated to facts in the Plea Agreement that support the enhancement.  The Plea Agreement makes clear that the Defendant received CSAM, and that he chatted with individuals who may have been

3

24-CR-620 HSG

minors, and that those minors sent CSAM.  The Plea Agreement does not include facts supporting a Production or Enticement charge, nor does it include facts that would support the two-level enhancement for sexual contact with a minor.  *See* PSR ¶ 27.

Absent a stipulation, facts supporting an enhancement must be supported by a preponderance of the evidence.  *See United States v. Lucas,* 101 F.4th 1158 (9th Cir. 2024) (en banc).  The government has not to date presented evidence to support the application of the cross reference or the enhancement.  To be sure, the government has evidence that the Defendant encouraged possible minors to produce child pornography, and that evidence is referenced in the PSR.  However, to date, the not identified the minor victims the Defendant chatted with, and additional investigation would be required for the government to proceed at an evidentiary hearing to prove Production.  The parties here did not anticipate the application of the cross reference and did not contemplate an evidentiary hearing at sentencing.  Part of the benefit of the Plea Agreement to the Defendant is that the government resolved the case as charged, and halted further investigation pending resolution (beyond attempting to identify minor victims).  As the parties have not stipulated to facts supporting the cross-reference and the government has not at this stage proved such facts by a preponderance of the evidence, the Court should not apply the cross-reference in this instance based on the facts in this case.

The parties and Probation thus jointly recommend a 60-month term of incarceration and a five-year term of supervised release.

**V.     APPLICABLE LAW**

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2).  *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008).  The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines.  *Id.*  After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a).  *Id.* at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1)     the nature and circumstances of the offense and the history and characteristics of

the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need for the sentence to protect the public from future crimes of the defendant;

(5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(6) the need to provide restitution to any victims of the offense.

## VI. RECOMMENDED SENTENCE AND SECTION 3553(a) FACTORS

Based upon a consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends a custodial sentence of 60 months to be followed by a five-year term of supervised release, commensurate with an Adjusted Offense Level of 26, a CHC I, and a five percent downward variance from the low end of the guideline range.

The nature and circumstances of the Defendant's offense are grave. The Defendant has admitted to receiving child pornography and chatting with minor victims on online applications. His conduct is part of the modern day scourge of the exploitation of children online. The children depicted in the pornography the Defendant received are victims, as are the children he chatted with online.

It is also true that the Defendant has taken responsibility for the offense conduct and has expressed remorse. He has saved the government resources by taking responsibility for his actions. The Defendant also does not have any criminal history. And he has had a difficult life marred by abuse.

A significant term of incarceration is warranted nonetheless. The proposed 60-month term of incarceration will be the Defendant's first term of custody, and a five-year term of supervised release will ensure that the Court and Probation will be notified of any future misconduct or criminal activity by the Defendant. The Defendant agreed to a suspicionless search condition in the Plea Agreement, and that will further aid Probation in their supervision. Plea ¶ 9.

The governments' recommendation of a custodial sentence of 60 months imprisonment takes all the above aggravating and mitigating factors into account. A lengthy sentence is necessary to protect the

public from an individual who has engaged in serious and dangerous criminal conduct involving children. The recommended sentence also reflects that the Defendant has no criminal history and has taken responsibility for his actions.

A 60-month sentence followed by five years of supervised release is sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553.

DATED: November 26, 2025

Respectfully submitted,

CRAIG H. MISSAKIAN
Acting United States Attorney

/S/

Ivana Djak
Assistant United States Attorney